UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DENISE ADELINE RHODES,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of the<br>Social Security Administration,<br><br>    Defendant. | Case No. 2:21-cv-00013<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

Plaintiff Denise Adeline Rhodes has filed a motion asking the Court to issue her an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. No. 31.) Defendant Social Security Administration has responded in opposition to Rhodes's motion. (Doc. No. 33.) Rhodes has filed an optional reply. (Doc. No. 33.) The District Judge referred Rhodes's motion to the undersigned Magistrate Judge for a report and recommendation. (Doc. No. 34.) For the reasons that follow, the Magistrate Judge will recommend that Brannon's motion for attorney fees be granted as modified.

**I.    Factual and Procedural Background**

Rhodes filed this action seeking review of the Social Security Administration's decision to deny her application for Social Security Disability Insurance Benefits under 42 U.S.C. § 405(g). (Doc. No. 1.) At the Court's direction, Rhodes filed a motion for judgment on the administrative record. (Doc. No. 23.) The Commissioner then moved for the Court to enter judgment reversing

its denial of benefits and remanding the case for further proceedings at the agency level under sentence four of 42 U.S.C. § 405(g). (Doc. No. 27.) Rhodes did not oppose that motion.

The Court granted the Commissioner's unopposed motion and remanded the action for further agency-level proceedings. (Doc. No. 29.) Brannon filed the pending motion for attorney fees (Doc. No. 31) after the Court entered final judgment (Doc. No. 30).

## II. Legal Standard

The Equal Access to Justice Act (EAJA) directs that a court "shall award to a prevailing party other than the United States fees and other expenses" in civil actions including "proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The court has "broad discretion" to determine whether fees should be awarded under the statute. *Miller v. Berryhill*, 393 F. Supp. 3d 738, 742 (M.D. Tenn. 2019) (citing *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725 (6th Cir. 2014).

## III. Analysis

Rhodes supports her motion for attorney fees under the EAJA with the affidavit of her attorney, Melissa Palmer (Doc. No. 31-1). Rhodes initially requested an award to compensate 35.4 hours of attorney time and 8.3 hours of paralegal time expended on her appeal. (*Id.*) Palmer states that the EAJA's statutory rate of $125.00/hour is appropriately adjusted under 28 U.S.C. § 2412(d)(2)(A)(ii) to reflect a cost-of-living increase documented by the Bureau of Labor Statistics Consumer Price Index (*Id.*). Palmer calculates the adjusted hourly rate for attorney time to be $214.29 and the hourly rate for paralegal time to be $100.00. (*Id.*) Applying these rates to the hours expended on Rhodes's appeal, Rhodes requested a total fee award of $8,415.87. (*Id.*)

The Commissioner responded in opposition to Rhodes's motion. (Doc. No. 32.) The Commissioner does not contest Rhodes's requested hourly rates of compensation or that an award of fees is justified under the EAJA. (*Id.*) Instead, he makes two specific objections to the amount of time for which Rhodes requests compensation. First, the Commissioner objects to the inclusion of 2.9 hours of paralegal time recorded for preparing the administrative record for optical character reading, arguing that this is a purely clerical task and thus not compensable under the EAJA. (*Id.*) Second, he argues that Palmer's time should be reduced by three hours because, "while the transcript was admittedly lengthy, the brief did not require a discussion of that complex evidence, the one issue pointed to an error in the ALJ's decision pertaining to medical opinion evaluation. Upon reading of the deficiency in evaluating medical opinions . . . [the Commissioner] promptly agreed that remand was appropriate." (*Id.* at PageID# 3024.) The Commissioner further argues that the issue raised in Rhodes's appeal "is a very basic one, seen in nearly all SSA disability cases, and should require minimal *if any* research. It does not require significant analysis of the record, as the error occurred in the body of the decision." (*Id.* (emphasis original).)

Rhodes replied that she would agree to reduce the paralegal time for which she requests compensation by 2.9 hours in recognition of the Commissioner's objection. (Doc. No. 33.) However, Rhodes argues that the requested reduction in Palmer's time is not supported by the Commissioner's argument, in essence, that her counsel did not need to spend so much time reviewing the administrative record. (*Id.*) Rhodes argues that, "[r]egardless of what [the Commissioner] believes is reasonable, an attorney must be familiar with the facts of a case and perform research for every brief written in order to properly represent a client." (*Id.*) She further notes that this Court requires a plaintiff to "support her argument with citations to the record,

3

Case 2:21-cv-00013    Document 36    Filed 01/17/24    Page 3 of 5 PageID #: 3038

The Commissioner responded in opposition to Rhodes's motion. (Doc. No. 32.) The Commissioner does not contest Rhodes's requested hourly rates of compensation or that an award of fees is justified under the EAJA. (*Id.*) Instead, he makes two specific objections to the amount of time for which Rhodes requests compensation. First, the Commissioner objects to the inclusion of 2.9 hours of paralegal time recorded for preparing the administrative record for optical character reading, arguing that this is a purely clerical task and thus not compensable under the EAJA. (*Id.*) Second, he argues that Palmer's time should be reduced by three hours because, "while the transcript was admittedly lengthy, the brief did not require a discussion of that complex evidence, the one issue pointed to an error in the ALJ's decision pertaining to medical opinion evaluation. Upon reading of the deficiency in evaluating medical opinions . . . [the Commissioner] promptly agreed that remand was appropriate." (*Id.* at PageID# 3024.) The Commissioner further argues that the issue raised in Rhodes's appeal "is a very basic one, seen in nearly all SSA disability cases, and should require minimal *if any* research. It does not require significant analysis of the record, as the error occurred in the body of the decision." (*Id.* (emphasis original).)

Rhodes replied that she would agree to reduce the paralegal time for which she requests compensation by 2.9 hours in recognition of the Commissioner's objection. (Doc. No. 33.) However, Rhodes argues that the requested reduction in Palmer's time is not supported by the Commissioner's argument, in essence, that her counsel did not need to spend so much time reviewing the administrative record. (*Id.*) Rhodes argues that, "[r]egardless of what [the Commissioner] believes is reasonable, an attorney must be familiar with the facts of a case and perform research for every brief written in order to properly represent a client." (*Id.*) She further notes that this Court requires a plaintiff to "support her argument with citations to the record,

statutes, regulations, and cases" in its instructions regarding a motion for judgment on the administrative record. (*Id.*)

The Magistrate Judge has reviewed Palmer's detailed time records (Doc. Nos. 31-3–31-5) and finds that they do document expended hours at the high end of what counsel (including Palmer) have requested in fees motions made in similar actions. But the Commissioner's argument is made from the responding party's privileged position. Surely it would not assert with such confidence that "minimal *if any* research" was necessary if it was the party responsible for identifying and supporting all assertions of error in the administrative record. Neither could Rhodes have expected—to the exclusion of preparing for a different response—that the Commissioner would "promptly agree[]" reversal and remand was appropriate. Palmer's affirmation that the expended hours were required by the volume of the administrative record provides reasonable support for the documented attorney time. Accordingly, the Court should issue an award for 35.4 hours of Palmer's time as originally requested. Rhodes also requests compensation for four hours of attorney time spent drafting and filing her reply brief. (Doc. No. 33.) The Court should therefore award compensation for a total 39.4 hours of attorney time.

A court may award a higher hourly fee than the $125.00/hour rate set by the EAJA if it "'determines that an increase in the cost of living'" or other factors justify doing so. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n.4 (2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). Rhodes has documented a cost-of-living increase that supports the requested proportional increase in the hourly rates of her attorney and her attorney's paralegal. (Doc. No. 31-2.) She has provided detailed time records that support the claimed number of hours of work performed, less the agreed-upon reduction of 2.9 hours of paralegal time.

Accordingly, the Court should award fees for 5.4 hours of paralegal time at $100.00/hour ($540.00) and 39.4 hours of attorney time at $214.29/hour ($8,443.03), for a total award of $8,983.03. The award shall be payable to Rhodes and subject to offset for any preexisting debt Rhodes may owe to the United States.[1] *Astrue v. Ratliff*, 560 U.S. 586 (2010).

## IV. Recommendation

For these reasons, the Court should award Rhodes attorney fees in the amount of $8,983.03. The award should be payable to Rhodes and may be subject to offset to satisfy any preexisting debt Rhodes owes to the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 17th day of January, 2024.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

---

[1] Rhodes has executed a waiver of direct payment under the EAJA stating that, if she owes no debt to the United States, she consents to the fee award being paid directly to Palmer. (Doc. No. 31-6).